Case 4:24-cv-03565   Document 16   Filed on 02/25/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROGER ROBINSON, § | |
| *Plaintiff,* § | |
| § | CASE NO. 4:24-CV-3565 |
| v. § | |
| § | |
| LLOYD POWEL, *et al.*, § | |
| *Defendants*. § | |

# MEMORANDUM AND ORDER[1]

*Pro se* plaintiff filed a complaint, initiating this lawsuit on September 12, 2024, ECF No. 1. Since then, Plaintiff has failed to take action to prosecute his case.[2] On October 18, 2024, Defendants Brenham Police Department, Lloyd Powel, and Officer Comforti filed a Rule 12(b)(3) and (6) motion to dismiss. ECF No. 7. On November 8, 2024, Defendant Officer Brown filed a Rule 12(b)(3) and (6) motion to dismiss. ECF No. 12. Plaintiff did not respond to either motion. The Court ordered Plaintiff to respond by February 24, 2025. ECF No. 15. To date, Plaintiff has not complied with the Court's directives. Because Plaintiff failed to prosecute this action and comply with the Court's orders, the Court dismisses this case pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] Based on the consent of all parties, this case is assigned to the undersigned. Transfer Order, ECF No. 14.

[2] Because Plaintiff was proceeding *in forma pauperis*, the United States Marshal Service executed service on Defendants. ECF Nos. 4, 5, 6, 11.

1

I.  **BACKGROUND**

Broadly construing his *pro se* complaint, it appears that Plaintiff filed the instant suit against Defendants for failing to provide an inventory of his personal property upon his release from jail. ECF No. 1 at 4–5. Plaintiff also seems to contend that several items of his personal property were not returned. ECF No. 1.

On October 18, 2024, Defendants Lloyd Powell, Officer Comforti, and the City of Brenham Police Department filed a motion to dismiss under Rule 12(b)(3) and (6), arguing that Plaintiff's claims arose out of events that took place in Washington County, Texas, which is located in the Western District of Texas, Austin Division, and further, that Plaintiff fails to allege sufficient facts to state a claim. ECF No. 7. Plaintiff's response was due on November 8, 2024. On November 8, 2024, Officer Brown filed a motion to dismiss, making essentially the same arguments as the other Defendants' motion to dismiss. ECF No. 12. Plaintiff's response was due on November 29, 2024.

When Plaintiff failed to respond to both motions, the Court ordered Plaintiff to respond by February 24, 2025. ECF No. 15. In the order, the Court warned Plaintiff that failure to respond to the motions to dismiss may result in his case being dismissed for want of prosecution. ECF No. 15. To date, Plaintiff has not responded to either motion to dismiss. In fact, Plaintiff has not filed anything in the case since November 12, 2024. ECF No. 13.

2

## II. PLAINTIFF'S CLAIMS ARE DISMISSED FOR WANT OF PROSECUTION.

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting Fed. R. Civ. P. 41(b). Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*); *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962))). The decision to dismiss under Rule 41(b) is reviewed for abuse of discretion. *Lancon v. Stafflink, Inc.*, No. CIVILACTIONH182051, 2019 WL 1046951, at *2 (S.D. Tex. Feb. 5, 2019), *adopted*, No. CV H-18-2051, 2019 WL 1040980 (S.D. Tex. Mar. 5, 2019) (citing *Link,* 370 U.S. at 633; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)).

Generally, a dismissal for want of prosecution is without prejudice. *Castillo*, 2022 WL 5264612, at *3 (*Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021)). "[A] dismissal with prejudice

3

for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Id.* (citing *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988))). Rule 41(b) dismissal is "an extreme sanction" which requires: (1) a clear record of delay or contumacious conduct by Plaintiff; and (2) a finding that lesser sanctions would be, or proved to be, futile. *See id.* (citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir. 1988)). Frequently, the Court requires proof of at least one aggravating factor: (1) the delay is caused by the Plaintiff and not Plaintiff's attorney, (2) Defendants were actually prejudiced because of the delay, or (3) the delay is intentional. *Lancon*, 2019 WL 1046951, at *2 (*Papasan,* 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

In the five months since its filing, Plaintiff has not filed a response to the first motion to dismiss despite the Court's order to do so. Further, despite four months pending, Plaintiff has failed to respond to the second motion to dismiss, which the Court also ordered him to do. Plaintiff has not corresponded with the Court since November 2024. ECF No. 13. These facts constitute a clear record of delay Plaintiff's failure to prosecute this case has caused. *Castillo*, 2022 WL 5264612,

at *2 ("Dismissal is warranted, because Plaintiff failed to update the Court regarding her search for new counsel, failed without excuse to attend a scheduled hearing, failed to respond to Defendant's motion to dismiss, and failed otherwise to communicate with the Court.") (citing *Gilmore v. Guild Mortg. Co., L.L.C.*, No. 1:21-CV-00621-MAC-ZJH, 2022 WL 2712385, at *1 (E.D. Tex. Feb. 22, 2022), *adopted*, No. 1:21-CV-00621, 2022 WL 2712382, at *1 (E.D. Tex. Mar. 10, 2022) (dismissal appropriate under Rule 41(b) where the plaintiff failed to confer with the defendant and failed to respond to the motion to dismiss); *Douglas v. Zabransky*, No. H-18-4168, 2019 WL 3628748, at *1 (S.D. Tex. July 18, 2019), *adopted*, 2019 WL 3570451, at *1 (S.D. Tex. Aug. 5, 2019) (dismissal warranted where the plaintiff failed to comply with court orders, failed to respond to the motion to dismiss, and did not appear at a scheduling conference); *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at *2 (S.D. Miss. May 20, 2013) (granting a motion to dismiss for want of prosecution where the plaintiffs failed to take action in the case, contact the court, and comply with court orders); *Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990, at *2 (S.D. Miss. Aug. 6, 2013) (same)).

The Court unsuccessfully admonished Plaintiff, a lesser sanction. In the order discussed above, the Court warned Plaintiff that his failure to respond to the motions to dismiss may result in the case being dismissed for lack of prosecution. Also in

this order, the Court extended Plaintiff's deadline to respond to the motions, permitting Plaintiff five months to respond—again, futile efforts. The Court is not convinced that monetary sanctions would have any effect, considering Plaintiff's *pro se* status. *See Lancon*, 2019 WL 1046951, at *3. In sum, the Court finds that sanctions other than dismissal would be pointless. It appears that Plaintiff has abandoned his suit.

Moreover, the Court determines that Plaintiff's case should be dismissed with prejudice. Because Plaintiff is a *pro se* litigant, the delay is his fault, and further, his failure to respond to the motions, despite an order and ample time to do so, cannot be characterized as anything but intentional. *See Lancon*, 2019 WL 1046951, at *3. Accordingly, the Court dismisses this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). *See id.*; *see also Castillo*, 2022 WL 5264612, at *2.

### III. CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Signed on February 25, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**